# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                              |   |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA     | ) |                          |
|                              | ) |                          |
| v.                           | ) |                          |
|                              | ) | Criminal No. 09-315 (RCL) |
| JOSE JOHNATHAN FLORES,       | ) |                          |
|                              | ) |                          |
| Defendant.                   | ) |                          |

## MEMORANDUM AND ORDER

Before the Court is defendant Jose Jonathan Flores's unopposed motion [21] for reduction in sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the United States Sentencing Guidelines. Upon consideration of the motion, the U.S. Probation Office's memorandum [22], the applicable law, and the entire record herein, the motion will be denied.

### I. BACKGROUND

The defendant was indicted [1] on November 24, 2009 on five counts; the government filed a superseding information [8] on February 18, 2010 charging the defendant with one count of distribution of five grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). The defendant signed a Rule 11(c)(1)(C) plea agreement [10] on March 8, 2010. According to the government's proffer of evidence [12], the defendant on October 14, 2009 sold two undercover officers 59.2 grams of crack. The plea agreement reads in part:

> 1. Your client, Jose Flores, agrees to admit guilt and enter a plea of guilty to an information charging him with Unlawful Distribution of Five Grams or More of Cocaine Base . . . .
> 2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for at least 50 grams but less than 150 grams of cocaine base . . . .

> 3. Your client and the Government agree that 84 months is the appropriate sentence of imprisonment for the offense to which your client is pleading guilty. . . .

This Court sentenced the defendant to a term of imprisonment of 84 months on June 16, 2010. The Court adopted the Presentence Investigation Report's calculation of a total offense level of 27, a criminal history category of IV, and a guidelines range of a term of imprisonment of 100 to 125 months.

The United States Sentencing Commission promulgated a temporary amendment to the sentencing guidelines lowering the guideline ranges for crack offenses on October 15, 2010, and re-promulgated the amendment as permanent on April 6, 2011. U.S.S.G. App. C, Amend. 750 (Supp. 2011). The amendment became effective on November 1, 2011. The Commission voted to give that change retroactive effect on June 30, 2011. The defendant accordingly filed the instant motion to reduce his sentence pursuant to the amendment and to 18 U.S.C. § 3582(c)(2) on February 10, 2012. He requests that the Court adjust his sentence from 84 months to 70 months and represents that the government does not oppose the request.

## II. DISCUSSION

A district court may modify a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The statute only permits a court to reduce a sentence that is "based on a sentencing range." Since the defendant was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, an issue arises

as to whether the defendant's sentence was indeed "based on" the guidelines, or rather based solely on the agreement itself. *See Freeman v. United States*, 131 S. Ct. 2685 (2011). Under Justice Sotomayor's controlling opinion in that case, *see United States v. Turner*, 825 F. Supp. 2d 240 (D.D.C. 2011) (interpreting *Freeman*), a Rule 11(c)(1)(C) sentence is only "based on a sentencing range" if the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or if the agreement "make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Freeman*, 131 S. Ct. at 2697-98 (Sotomayor, J., concurring).

The defendant's Rule 11(c)(1)(C) agreement does neither. It simply states that "Your client and the Government agree that 84 months is the appropriate sentence of imprisonment for the offense to which your client is pleading guilty." Although it also references the quantity of drugs for which the defendant was accepting responsibility, it does not explicitly dictate a sentence within the applicable guidelines range or otherwise indicate that the guidelines provided the basis for the agreed-to sentence—nor could it have, given that the applicable guidelines range was 100 to 125 months. The sentence was not "based on" the guidelines for the purposes of § 3582(c), and the defendant is unable to gain relief pursuant to that section.

### III. CONCLUSION AND ORDER

Under *Freeman*, the defendant can only seek a sentence reduction if his plea agreement explicitly refers to, or contemplates sentencing under, the guidelines. The plea agreement in this case does not. It is therefore hereby

**ORDERED** that the defendant's motion is **DENIED** .

SO ORDERED this 25th day of July 2012.

ROYCE C. LAMBERTH
Chief Judge
United States District Court